**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ANTONIO JOHNSON**                                                                                             **PLAINTIFF**

**v.**                                                          **No. 3:12CV12-M-A**

**YALOBUSHA COUNTY CIRCUIT COURT**                                   **DEFENDANT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Antonio Johnson, who seeks, under 42 U.S.C. § 1983, to prove that he is innocent of the charge of forcible sexual intercourse, for which he was convicted in the Circuit Court of Yalobusha County, Mississippi. Johnson seeks as relief both release from custody and money damages. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

First, Johnson's request for release from custody constitutes a petition for *habeas corpus* relief, which is unavailable in a prisoner civil rights suit seeking damages under 42 U.S.C. § 1983. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).[1]

A § 1983 claim that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as a § 1983 plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to*

---

[1] As the plaintiff seeks *habeas corpus* relief in this pleading, the court will construe that request as a petition for a writ of *habeas corpus*, and open a separate *habeas corpus* with the same pleading.

*make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

The plaintiff's sole claim for relief is that he is innocent of the charge of his conviction, which obviously calls into question the lawfulness of his conviction and confinement. He has not shown that his conviction has been invalidated; as such, his claim for relief under 42 U.S.C. § 1983 will be dismissed without prejudice as premature. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 15th day of February, 2012.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**